FILED '11 MAY 20 13:57 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

MARK JAMES WILSON,

            Plaintiff,           Civil No. 11-6105-TC

            v.                ORDER

CANDACE E. WHEELER, et al.,

            Defendants.

HOGAN, District Judge.

      Plaintiff, an inmate in the custody of the Oregon Department of Corrections filed a complaint under 42 U.S.C. § 1983 alleging claims for "Retaliation; False Information; Prosecutorial Misconduct, Interference with Access to Courts; Informational Privacy; Due Process; Equal Protection; and Civil Conspiracy." Complaint (#2) p. 1.

      Plaintiff has filed motions for preliminary injunction as to his claims for "Interference with Court Access" (#6) and "Informational Privacy" (#9), and an "Ex Parte Motion to file Exhibits 1, 11, 15, & 19 Under Seal." (#12)

      Plaintiff's Motion to file exhibits under seal (#12) is

1 - ORDER

allowed.

The relevant factors for determining whether a preliminary injunction should issue were canvassed by the Ninth Circuit in <u>United States v. Odessa Union Warehouse</u>, 833 F.2d 172, 174 (9th Cir. 1987):

> "The factors we traditionally consider in determining whether to grant a preliminary injunction in this circuit are (1) the likelihood of plaintiff's success on the merits; (2) the possibility of plaintiff's suffering irreparable injury if relief is not granted; (3) the extent to which the balance of hardships favors the respective parties; and (4) in certain cases, whether the public interest will be advanced by the provision of preliminary relief. <u>Dollar Rent A Car of Washington Inc. v. Travelers Indemnity Company</u>, 774 F.2d 1371, 1374 (9th Cir. 1985). To obtain a preliminary injunction, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips in its favor. <u>Benda v. Grand Lodge of the Int'l Ass'n of Machinists & Aerospace Workers</u>, 584 F.2d 308, 314-15 (9th Cir. 1978), <u>cert</u>. <u>dismissed</u>, 441 U.S. 937, 99 S.Ct. 2065, 60 L.Ed.2d 667 (1979). These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases. <u>Oakland Tribune Inc. v. Chronicle Publishing Co.</u>, 762 F.2d 1374, 1376 (9th Cir. 1985).

The moving party must show, at an irreducible minimum, that they have a fair chance of success on the merits. <u>Stanley v. University of Southern California</u>, 13 F.3d 1313, 1319 (9th Cir. 1994), quoting <u>Martin v. International Olympic Committee</u>, 740 F.2d 670, 674-675 (9th Cir. 1994); <u>Committee of Cent. American Refugees v. I.N.S.</u>, 795 F.2d 1434, 1437 (9th

Cir. 1986). This is so because the probability of success on the merits is the critical standard in determining the propriety of preliminary relief. <u>Lancor v. Lebanon Housing Authority</u>, 760 F.2d 361, 362 (1st Cir. 1985).

In this case, I find that plaintiff has failed to demonstrate the irreducible minimum of a fair chance of success on the merits of his claims for denial of access to the courts or "informational privacy."

Plaintiff's Motions for Preliminary Injunction (#6) and (#9) are denied.


IT IS SO ORDERED

DATED this 20th day of May, 2011.

Michael R. Hogan
United State District Judge


3 - ORDER