.                                          .

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARK JAMES WILSON,

        Plaintiff,         6:11-cv-6105-TC

        v.               FINDINGS AND
                      RECOMMENDATION

CANDACE E. WHEELER, et al.,

        Defendants.

COFFIN, Magistrate Judge.

    Plaintiff filed this action under 42 U.S.C. § 1983,
alleging that numerous state employees violated his rights
under the First, Fourth, Sixth, and Fourteenth Amendments and
the Ex Post Facto Clause of the United States Constitution
during proceedings before the Oregon Board of Parole and Post-
Prison Supervision ("the Board"). Plaintiff claims that the
Board considered evidence that he believed to be

1 - FINDINGS AND RECOMMENDATION

inappropriate, and in particular his refusal to cooperate with prosecutors in the retrial of his co-defendants.

Defendants now move to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that 1.) All defendants are immune from suit; 2.) No constitutional violation occurred; and 3.) Defendants are qualifiedly immune from any alleged constitutional violation. Motion to Dismiss (#59) p. 1.

Defendants Felton, Baker and Wheeler are members of the Board. Defendant Sellers is alleged to be the Executive Director of the Board. Parole Board members and their assistants "are entitled to absolute quasi-judicial immunity for decisions 'to grant, or revoke parole' because these tasks are 'functionally comparable' to tasks performed by judges." Swift v. California, 384 F.3d 1184, 1189 (9th Cir. 2004)(quoting Sellers v. Procunier, 641 F.2d 1295, 1303 (9th Cir. 1981)). This immunity extends as far as "necessary to accomplish its purpose to insulate parole officials' adjudicatory decisions from potentially distorting influences, such as the threat of retaliatory lawsuits." Anderson v. Boyd, 714 F.2d 906, 909 (1983).

Plaintiff contends that absolute immunity does not bar his claims for equitable relief. However, this immunity amounts to a protection from both damages and injunctive

2 - FINDINGS AND RECOMMENDATION

relief.   Sopher v. Washington, 2008 WL 4793173 (D. Or. Oct. 30, 2008) (recognizing that "parole board officials have absolute immunity in § 1983 actions for injunctive relief") (citing Moreno v. Trqavis, 171 F.3d 757, 761 (2nd Cir. 1999).

Plaintiff's reliance on Swift v. California, 384 F.3d 1184 (9th Cir. 2004) is unavailaing because *Swift* is distinguishable on the facts from the case at bar.  In *Swift,* because the defendant parole officers were held to have "act[ed] like police officers" and in seeking to uncover evidence of illegal activity, which is not an "adjudicatory function" they were not entitled to absolute immunity.

In this case plaintiff's allegations regarding the defendant Board members and their assistants all relate to adjudicatory functions.  Defendants are entitled to absolute immunity for their actions related to the hearing and the hearing process and decision.

Defendant Wolf is an Assistant Attorney General with the Oregon Department of Justice and is General Counsel to the Board.  I find that he is entitled to immunity from liability under the principles discussed above.   In addition, he is entitled to immunity for actions in his role as an attorney. See, Bly-Magee v. California, 236 F.3d 1014, 1018 (9th Cir. 2001).

Defendants Marquis, Dugan and Brown are District

3 - FINDINGS AND RECOMMENDATION

Attorneys. Plaintiff alleges that these defendants violated his rights in their acquisition of evidence and their testimony at plaintiff's hearing.

It is well settled that prosecutors are protected by absolute immunity from liability for damages under § 1983 when performing the traditional functions of an advocate. Genzler v. Longanbach, 410 F.3d 630, (9th Cir. 2005); Specifically, prosecutors are entitled to absolute immunity for parole recommendations "because parole decisions are a continuation of the sentencing process. Brown v. California Dept. Of Corrections, 554 F.3d 747, 750-751 (9th Cir. 2009).

In this case, plaintiff's claims against the prosecutor defendants are based on them providing evidence at his parole hearing and advocating against granting him parole. These are prosecutorial functions for which they are entitled to immunity.

Plaintiff also names Oregon State Police Officer Lynn Fredrickson as a defendant.[1] Plaintiff alleges that Officer Fredrickson, at the direction of Defendant Marquis, ascertained whether plaintiff would testify at his co-defendants re-trial. As an agent of the prosecution, performing traditional prosecutorial functions, Officer

[1]
Officer Fredrickson has not been served, but appears specially for the limited purpose purposes of this motion. Memorandum in Support (#60) p. 2.

Fredrickson is entitled to immunity.

All of the defendants are state employees.    The Supreme
Court has repeatedly stated that a state or its officials or
agencies may not be sued by private individuals in federal
court unless the state has unequivocally consented to that
action, or Congress has unequivocally expressed its intent
under the Fourteenth Amendment to waive the immunity of the
States. Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54
(1996) Board of Trustees of University of Alabama v. Garrett,
531 U.S. 356 (2001);  see also, Quern v. Jordan, 440 U.S. 332
(1979);   Edleman v. Jordan, 415 U.S. 651, 673 (1984);
Pennhurst State School and Hospital v. Halderman, 465 U.S. 89
(1984). The Eleventh Amendment otherwise bars any such action
regardless of the nature of the relief sought. Cory v. White,
457 U.S. 85 (1982); Brooks v. Sulpher Springs Valley Elec. Co-
Op, 951 F.2d 1050, 1053 (9th Cir. 1991) ["The Eleventh
Amendment's jurisdictional bar covers suits naming state
agencies and departments as defendants, and applies whether
the relief sought is legal or equitable in nature."]    In
addition, a state's waiver of sovereign immunity in its own
courts does not waive its Eleventh Amendment immunity in
federal court. Edleman v. Jordan, supra. Thus, the enactment
of the Oregon Tort Claims Act did not waive the State of
Oregon's Eleventh Amendment immunity.

Under the "arm of the state" doctrine, a state entity and its officers in their official capacities share the state's sovereign immunity because "'the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials [or state entities] are nominal defendants.'" Durning v. Citibank, N.A.,950 F.2d 1419, 1423 (9ᵗʰ Cir. 1991) (quoting Ford Motor Co. V Dep't of Treas., 323 U.S. 459, 464 (1945)).

In this case, the defendants alleged actions in their official capacities were clearly actions of state for which they are entitled to Eleventh Amendment (sovereign) immunity.

Defendants have submitted arguments demonstrating that each of plaintiff's claims for relief fails to state a claim upon which relief can be granted. See, Memorandum in Support (#60) p. 5 - 11 and Reply in Support (#83), p. 9 - 17. Because I find that the immunities discussed above are dispositive of plaintiff's claims, it is not necessary to address defendants arguments as to the sufficiency of the individual claims.

However, even if some aspect of defendants' conduct impinged on one of plaintiff's constitutional rights, I find that defendants are qualifiedly immune from liability to plaintiff.

Qualified immunity shields government officials from

6 - FINDINGS AND RECOMMENDATION

liability for damages when they make decisions that, even if constitutionally deficient, reasonably misapprehend the law governing the circumstances they confronted.   <u>Brosseau v. Haugen</u>, 543 U.S. 194, 202 (2004); <u>Harlow v. Fitzgerald</u>, 457 U.S. 800 (1982).   An official should be denied qualified immunity only when "[t]he contours of the right are sufficiently clear that a reasonable official would understand what he is doing violates that right." <u>Anderson v. Creighton</u>, 483 U.S. 635, 640 (1987).

To determine whether an individual is entitled to qualified immunity, the first relevant inquiry is: did the official violate the plaintiff's constitutional rights? <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001).   The second relevant question is: was the law governing that right clearly established? <u>Id</u>.   "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." <u>Id</u>. at 202.

As noted above, the arguments set forth in defendants' memorandum establish that no constitutional violation occurred in connection with the Board decision challenged in this case. However, even if some alleged act of a defendant relative to the hearing in some way infringed on plaintiff's constitutional rights, it would not have been clear to a

7 - FINDINGS AND RECOMMENDATION

reasonable person in defendants circumstances that their actions in submitting evidence and participating in a parole hearing were unlawful. Accordingly, all defendants are entitled to qualified immunity.

Defendants' Motion to Dismiss (#59) should be allowed. This action should be dismissed with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

8 - FINDINGS AND RECOMMENDATION

Any appeal of this Order or Judgment of Dismissal would be frivolous and not taken in good faith.

DATED this 2 day of May, 2012.

_____
Thomas M. Coffin
United States Magistrate Judge

9 - FINDINGS AND RECOMMENDATION